IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHARLES CHAMBRAY,            )
                             )
        Plaintiff,           )
                             )
vs.                          )       Case No. CIV-15-620-F
                             )
GARFIELD COUNTY JAIL;        )
JENNIFER NILES, Sheriff      )
and Jail Administrator,      )
                             )
        Defendants.          )

## REPORT AND RECOMMENDATION

**I.   Plaintiff's claims.**

Charles Chambray (Plaintiff)[1] brings this action pro se and pursuant to 42 U.S.C. § 1983 against the Garfield County Jail[2] and Jennifer Niles whom he identifies as both sheriff and jail administrator. Doc. 1, at 1-2.[3] He complains

---

[1] Plaintiff is a pretrial detainee. The undersigned takes judicial notice of the public records of the District Court of Garfield County reflecting that Plaintiff is charged on multiple counts in Case No. CF-2015-62. *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=garfield&number=cf-2015-62; *see also United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

[2] Plaintiff also refers to the Garfield County Detention Facility in his complaint. Doc. 1. Because Plaintiff names the Garfield County Jail as Defendant, the term "jail" is used in this report.

[3] Page citations to the complaint are in sequential order and reflect this Court's CM-ECF pagination.

generally "about [the] food" at the jail; the unwarranted use of force; "cruel and nasty" treatment; "tampering with legal documents & mail"; and "fraud." *Id.* at 2-3, 5.[4] Specifically, he raises two counts, the first for "medical" and the second for "curel punishment." *Id.* at 4.

With regard to his "medical" claim, Plaintiff contends he arrived at the jail wearing "a cast on my right hand, due to it being broke" and that the cast was subsequently taken from him by Nurse Gay. *Id.* at 5, 7. He asserts that since that time he has been given "the run around . . . about my hand" by Nurse Gay who "was very rude and . . . even cracked a joke to the dr. about my hand." *Id.* at 7. He claims he has "submitted over 10 (ten) Garfield County Jail sick call request forms and only been seen twice." *Id.* He claims "[t]he dr. (which I don't know his name)" failed to examine his hand before refusing to return his cast but offered to give him "5 days worth of [ibuprofen]." *Id.* He states he submitted a request to staff to Defendant Niles "letting her know how Im been treated by the medical staff [b]ut when I gets the medical form back its signed by V. Gay, LPN (Vanessa Gay)[.]" *Id.* at 9; *see also id.* at 10-11. He further states he does not think his hand is still broken "but when it set it didnt set/heal correctly [and] needs to be rebroke set right & a pin needs to be placed to help set it the right

---

[4] With the exception of Plaintiff's use of the upper case and unless otherwise indicated, quotations in this report are reproduced verbatim.

2

way." *Id.* at 9. He alleges, "I feel that my hand has very bad nerve damage it locks up on me every 25-35 mins. to where I have to grab it with my left hand & mess with it till it unlocks on me[.]" *Id.*

Plaintiff also complains he has suffered from hives and migraines since he was a teenager and has obtained relief from Benadryl ® and Excedrin ®. *Id.* at 12. He alleges that the "[]hives[] itch so bad that I cant sleep" and that he has been treated at the jail with "hydrocortisone cream 1 %," despite advising staff that "I needed benadrile . . . ." *Id.* at 12-13. He claims, "I've put in 2 medical request about my hives & migraines but I never hear anything back on my request!" *Id.* at 13.

As supporting facts for his claim of cruel and unusual punishment, Plaintiff states that "[t]his facility is very cruel when it comes down to us prisoners and they think we are violating there rules[.]" *Id.* at 14.

Plaintiff also attaches various exhibits to his petition. *Id.* Atts. 1-10. These include two requests to staff submitted by Plaintiff to Defendant Niles, the first complaining about the lack of medical care for his hand; requesting copies of medical forms to give to his lawyers; and requesting the names of the doctor and the nurse. Doc. 1, Att.1. Defendant Niles responded, "I have no control over medical. You will have to contact them directly[.]" *Id.* In the second request to staff directed to Defendant Niles, Plaintiff "let[] it be known

3

my pinky & ring finger has nerve damage due to the nurse taken my spling away - need to go to hospital[.]" *Id.* Att. 5. V. Gay, LPN responded, "This . . . issue has been addressed with you on more than one occassion . . . but you are . . . welcome to see the facility physicians[.]" *Id.*

As relief, Plaintiff requests "medical o/r so I can get my hand fixed the right way"; "for my pain & suffering $25,000"; and "the firing of V. Gay, LPN, [and] the Dr." Doc. 1, at 15.

United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). The undersigned recommends the dismissal of the complaint on screening.

## II. Screening.

Federal law mandates the screening of complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. §1915A(a). On review, the court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A complaint must contain sufficient factual matter, accepted as true, to "'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

4

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court is prohibited, however, from acting as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

### III. Analysis.

#### A. Defendant Garfield County Jail is not a suable entity.

Because the Garfield County Jail does not have a legal identity separate from that of Garfield County, the Garfield County Jail is not a suable entity and is not a proper defendant in a § 1983 action. *See Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. Jun. 21, 2000) (unpublished op.) ("[A] detention facility is not a person or legally created entity capable of being

5

sued."). Plaintiff fails to state a claim against the Garfield County Jail upon which relief can be granted.

> **B.     Plaintiff fails to state a claim upon which relief can be granted against Defendant Niles in either her official or individual capacity.**

Plaintiff does not state in what capacity he is suing Defendant Niles. *See* Doc. 1. This report assumes he has named her in both her individual and official capacities.

> **1.     Official capacity.**

"Suing individual defendants in their official capacities under § 1983 . . . is essentially another way of pleading an action against the county or municipality they represent." *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) (citing *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). In order to sufficiently allege such a claim, Plaintiff must effectively describe "official policy or custom [that] was both deliberately indifferent to his constitutional rights and the moving force behind his injury." *Id*. Because Plaintiff has not done so here, he fails to adequately state a claim upon which relief can be granted against Defendant Niles in her official capacity.

> **2.     Individual capacity.**

"A § 1983 defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability." *Brown v. Montoya*, 662 F.3d

1152, 1163 (10th Cir. 2011). But "[§] 1983 does not authorize liability under a theory of respondeat superior." *Id.* at 1164. "In a § 1983 suit . . . masters do not answer for the torts of their servants [and, a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Instead, Plaintiff must sufficiently plead personal involvement, causation, and state of mind. *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767 (10th Cir. 2013). "[M]ore than 'a supervisor's mere knowledge of his subordinate's' conduct" is required. *Id.* (quoting *Iqbal*, 566 U.S. at 677). Plaintiff has not satisfied these pleading requirements and fails to adequately state a claim upon which relief can be granted against Defendant Niles in her individual capacity.

## IV. Recommendation and notice of right to object.

The undersigned recommends the dismissal of Plaintiff's action pursuant to 28 U.S.C. §§ 1915A(b) for failure to state a § 1983 claim against any Defendant upon which relief may be granted.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before July 30, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual

and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 10th day of July, 2015.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE